UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>    Plaintiff,<br><br>v.<br><br>ZAHIDA PEREA,<br><br>    Defendant. | Case No   24-cv-01754-AMO (PR)<br>              24-cv-02343-AMO (PR)<br>              24-cv-02344-AMO (PR)<br>              24-cv-02623-AMO (PR)<br>              24-cv-02624-AMO (PR)<br>              24-cv-03020-AMO (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned actions, representing himself. In each case, the Court denied Sivak's motion for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g)[1] because he has had three or more prior dismissals, has failed to allege any specific imminent danger of serious physical injury at the time he filed the action, and did not meet the standard for proceeding without payment of filing fees as a "three-striker" who has had many prior lawsuits dismissed as frivolous. *See Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022) (A district court may, at the screening stage, deny a prisoner IFP status *sua sponte* upon "clearly identif[ying] three prior dismissals" in order to "place[] [the prisoner] on notice of the three cases that constituted strikes."). In each case, the Court directed Sivak to pay the full filing fee within fourteen-days or risk dismissal without prejudice.

The deadline for Sivak to pay the filing fee in any of the above-captioned cases has passed.

---

[1] On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was enacted and became effective. The PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1  Accordingly, each above-captioned action is hereby **DISMISSED** without prejudice.  Upon
2  paying the full filing fee, Sivak may file a motion to reopen any of the above-captioned cases.  To
3  be clear, a full filing fee will be required for each case Sivak wishes to reopen and pursue.

4      The Court notes that Sivak has filed motions for reconsideration of the Court's denial of
5  his motion for leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the above-captioned cases.
6  To seek reconsideration of an interlocutory order, Sivak must comply with Local Rule 7-9(a).
7  Sivak must seek to obtain leave of court to file a motion for reconsideration by showing: (1) that at
8  the time of the motion for leave, a material difference in fact or law exists from that which was
9  presented to the court before entry of the interlocutory order for which the reconsideration is
10 sought, and that in the exercise of reasonable diligence the party applying for reconsideration did
11 not know such fact or law at the time of the interlocutory order; or (2) the emergence of new
12 material facts or a change of law occurring after the time of such order; or (3) a manifest failure by
13 the court to consider material facts which were presented to the court before such interlocutory
14 order.  *See* N. D. Cal. Civil L.R. 7-9(b).  In violation of the Local Rules, Sivak failed to first seek
15 leave of court before filing his motions for reconsideration.  On that basis alone, the Court may
16 properly deny Sivak's motions.  *Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131
17 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well
18 within a district court's discretion.").  Sivak's failure to comply with Local Rule 7-9
19 notwithstanding, the Court finds no merit to his motions for reconsideration.  As a threshold
20 matter, the Court finds nothing in Sivak's allegations in his motions for reconsideration that merits
21 reconsideration.  Sivak seems to be challenging the Court's denial of his IFP pursuant to section
22 1915(g) by alleging that he meets the imminent danger exception.  However, the plain language of
23 the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed
24 at the time of filing of the complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir.
25 2007) ("*Andrews II*").  The conditions that existed at some earlier or later time are not relevant.
26 *See id.* at 1053 n.5 (finding that post-filing transfer of prisoner out of the prison at which danger
27 allegedly existed may have made moot his request for injunctive relief against the alleged danger,
28 but it does not affect the section 1915(g) analysis).  Furthermore, the Court has already rejected

Sivak's assertions regarding his "imminent danger of serious physical injury." *See, e.g.*, Case No. 24-cv-03020-AMO (PR) Dkt. 7 at 3-4. Thus, the Court finds that Sivak's allegations would have presented no grounds that warrant reconsideration. Therefore, the Court reaffirms its denial of the motions for leave to proceed IFP pursuant to section 1915(g). Accordingly, to the extent that Court construes Sivak's pending motions as request for reconsideration such motions are **DENIED**.

Lastly, any pending motion for leave to proceed IFP on appeal[2] is **DENIED** pursuant to 28 U.S.C. § 1915(g) for the same reasons Sivak was denied such status by this Court. If Sivak moves in the Ninth Circuit to proceed IFP, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status. If IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2).

The Clerk of the Court **SHALL** terminate as moot all other pending motions in each case and **CLOSE** all of the above-captioned cases. **The Clerk SHALL return, without filing, any further documents Sivak submits in these closed cases.**

**IT IS SO ORDERED.**

Dated:   December 23, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[2] A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a).

3